# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONNIE LEE HOUSTON,** | : | CIVIL NO. 4:18-CV-387 |
| **Plaintiff,** | : | (Judge Brann) |
| v. | : | (Magistrate Judge Carlson) |
| **DEPARTMENT OF JUSTICE,** | : | |
| **Defendant.** | : | |

## MEMORANDUM AND ORDER

This matter comes before the Court on a request to appoint counsel for the plaintiff, a *pro se* litigant who is pursuing an FOIA claim against the Department of Justice. (Doc. 19.) We had previously concluded that the most appropriate way to resolve this case is through cross motions for summary judgment, Abdelfattah v. U.S. Dep't of Homeland Sec., 488 F.3d 178, 181 (3d Cir. 2007), and had directed each party to file cross motions for summary judgment by June 25, 2018. In the wake of this order, Houston seeks appointment of counsel, alleging in part that his limited access to law library facilities would make compliance with this motions deadline difficult.

We appreciate the plaintiff's interest in securing court-appointed counsel, but also recognize that there is neither a constitutional nor a statutory right to counsel for civil litigants. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir.

1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Instead, 28 U.S.C. § 1915(e)(1) simply provides that "[t]he court may request an attorney to represent any person unable to employ counsel." Under §1915(e)(1), a district court's appointment of counsel is discretionary and must be made on a case-by-case basis. Tabron, 6 F.3d at 157-58. In Parham, the United States Court of Appeals outlined the standards to be considered by courts when reviewing an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). In passing on such we requests we must first:

> "[D]etermine[] that the plaintiff's claim has some merit, then [we] should consider the following factors: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf."

Parham v. Johnson, 126 F.3d at 457.

There is yet another practical consideration which must be taken into account when considering motions for appointment of counsel. As the United states Court of Appeals for the Third Circuit has aptly observed:

> Finally, in addressing this issue, we must take note of the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. We have no doubt that there are many cases in which district courts seek to appoint counsel

> but there is simply none willing to accept appointment. It is difficult to fault a district court that denies a request for appointment under such circumstances.

Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993).

Mindful of this consideration it has been "emphasize[d] that volunteer lawyer time is extremely valuable. Hence, district courts should not request counsel under § 1915(d) indiscriminately. As the Court of Appeals for the Second Circuit has warned: 'Volunteer lawyer time is a precious commodity.... Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.' Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir.1989)." Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993).

In this case our analysis of these factors leads us to conclude that counsel should not be appointed in this case at the present time. At the outset, we believe that we should defer any such decision until after we have had a further opportunity to assess the first benchmark standard we must address, the question of whether the plaintiffs' claims against the defendants have arguable legal merit. In our view, it would be inappropriate to appoint counsel until we have the opportunity to complete the initial legal merits analysis in this matter. Moreover, while we understand that the plaintiff doubtless faces some obstacles in bringing this action, to date the plaintiff has demonstrated an ability to effectively present

this case. Furthermore, the actual investigation that the plaintiff has to do is minimal, since the pleadings show that the plaintiff is fully aware of the bases for these claims against the Defendant.

Taking all of these factors into account we DENY this request to appoint counsel (Doc. 19), at this time without prejudice to re-examining this issue as this litigation progresses. However, in consideration of the logistical difficulties that Houston faces due to his limited law library access, we will AMEND the schedule previously set in this case as follows:

1. Each party will file their cross motion for summary judgment on or before **July 30, 2018**.

2. Each party will file briefs in opposition to the opposing party's summary judgment motion on or before **August 20, 2018.**

3. Each party may then file a reply brief in support of its motion for summary judgment on or before **September 4, 2018.**

SO ORDERED, this 5th day of June, 2018.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

4